SEND<br>JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08–8064 PA (CWx) | Date | December 22, 2008 |
|---|---|---|---|
| Title | Flor Orozco, et al., v. EquiFirst Corp., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant EquiFirst Corporation ("Removing Defendant") on December 8, 2008. (Docket No. 1.) Removing Defendant is one of at least five defendants in this action, including NDEx West, LLC, America's Servicing Company, U.S. Bank National Association, and Mortgage Electronic Registration System, Inc. No other defendants have joined in the removal.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

All proper defendants in an action must join or consent to a notice of removal. 28 U.S.C. § 1446(a); Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999), superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006) (noting that jurisdiction under Class Action Fairness Act does not require joinder of all defendants); Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) ("[A]ll defendants must join a notice of removal.") (internal citation omitted). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." Prize Frize, 167 F.3d at 1266.

SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08–8064 PA (CWx) | Date | December 22, 2008 |
|---|---|---|---|
| Title | Flor Orozco, et al., v. EquiFirst Corp., et al. | | |

Here, Removing Defendant states that "[t]he remaining defendants have not yet appeared in the state action and EquiFirst believes that they have yet to be properly served with a copy of the Summons and Complaint." (Compl. ¶ 4.) Removing Defendant does not state what, if any, efforts it made to ascertain whether other defendants were served. A removing defendant must exercise due diligence to ascertain if other defendants have been served, and simply checking if a proof of service has been filed with the court is insufficient. See, e.g., Pianovski v. Laurel Motors, Inc., 924 F. Supp. 86, 87 (N.D. Ill. 1996). Removing Defendant's failure to affirmatively explain the absence of the other defendants constitutes a clear procedural defect. See 28 U.S.C. § 1446(a); Prize Frize, 167 F.3d at 1266. This Court is therefore compelled to remand this case for failure to comply with the removal requirements of 28 U.S.C. § 1446. See 28 U.S.C. §§ 1446(a), 1447(c); Prize Frize, 167 F.3d at 1266.

For the foregoing reasons, the Court hereby remands this action to the Los Angeles County Superior Court, Case No. BC400885. See 28 U.S.C. § 1447(c). The Court stays this order until January 5, 2009. If Plaintiff wishes to remain in federal court and thereby waive the procedural defect discussed above, Plaintiff shall notify the Court in writing on or before January 5, 2009.

IT IS SO ORDERED.